UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SEP 23

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | S. Harris |
| v. ) | |
| ) | Magistrate's Case No. |
| Salvador ALONSO-Aldama ) | |
| AKA: Salvador ALONZO-Aldama ) | COMPLAINT FOR VIOLATION OF |
| ) | |
| ) | 21 U.S.C. §§ 952, 960, 963 and 846 |
| ) | Conspiracy to Import |
| ) | a Controlled Substance |

The undersigned complainant being duly sworn states:

Beginning at a date unknown and continuing up to and including September 22, 1986 within the Southern District of California, defendant(s) Salvador ALONSO-Aldama

did knowingly and willfully combine, conspire and agree together and with each other and with _____ other persons unknown to knowingly commit offenses against the United States, namely, to knowingly and intentionally import marihuana (422 pounds), a Schedule I/II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952, 960 and 963, as well as conspire to commit the foregoing offenses in violation of Title 21, United States Code, Section 846.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Signature of Complainant
Special Agent, U.S. Customs Service
Official Title

Sworn to before me and subscribed in my presence, September 23, 1986

United States Magistrate
Roger Curtis McKee

CCU/#4

1 | UNITED STATES OF AMERICA
2 |       V.
3 | Salvador ALONSO-Aldama

STATEMENT OF FACTS

1. On September 11, 1986, Julian LOPEZ-Clare and Serio MARTIN DEL CAMPO-Marron were arrested by Special Agent Patrick J. Guimond at the Port-of-Entry, San Ysidro, California when their vehicle was discovered to contain approximately four hundred and twenty-two (422) pounds of marihuana.

2. After being advised of his constitutional rights, per Miranda, by Drug Enforcement Administration (DEA) Special Agents J. Mavromatis and L. Leveron, LOPEZ-Clare agreed to give a statement to special agents, as well as cooperate in a controlled delivery of the previously-described marihuana.

3. LOPEZ-Clare stated that, in addition to the above-described load of marihuana, that he (LOPEZ-Clare) had driven another multi-hundred pound consignment of marihuana through the Port-of-Entry, San Ysidro, California on or about September 9, 1986. In both instances, LOPEZ-Clare had been provided with keys for the load vehicles in Tijuana, B.C., Mexico by a Mexican male known only as "CHAVA". The consignment of marihuana smuggled on September 9, 1986 had been left by LOPEZ-Clare (in the vehicle) at the Alpha Beta, Inc. Shopping Center parking lot, 19th Street and Coronado Boulevard, Imperial Beach, California per "CHAVA's" instructions. At this point, LOPEZ-Clare contacted "CHAVA" at telephone number (619) 741-7324, advising "CHAVA" that the marihuana had been sucessfully smuggled. Approximately forty (40) minutes later, "CHAVA", driving a late-model, light colored Chevrolet Camaro arrived at LOPEZ-Clare's residence, paid LOPEZ-Clare $4,000.00 (U.S.), took possession of the keys to the load vehicle and departed.

4. On September 11, 1986, with LOPEZ-Clare's cooperation, Special Agents

1  Guimond, Arroyo and Joseph Martinez escorted LOPEZ-Clare to his residence at
2  1844 Donax Avenue, Imperial Beach, California, where LOPEZ-Clare called tele-
3  phone number (619) 741-7324 and advised an unidentified latin female that he
4  (LOPEZ-Clare) had reached the United States, requesting a telephone call from
5  "CHAVA".  This telephone call was tape-recorded.
6  5.   On the evening of September 11, 1986, LOPEZ-Clare received two (2) tele-
7  phone calls from an individual whom LOPEZ-Clare recognized as "CHAVA". LOPEZ-
8  Clare told "CHAVA" that the consignment of marihuana (referred to in the Mex-
9  ican vernacular, "mota") had arrived.  "CHAVA" declined to pick up the mari-
10 huana that evening, stating that he ("CHAVA") would arrive at LOPEZ-Clare's
11 residence the following morning (September 12, 1986) at approximately 11:00
12 a.m. to recover the vehicle and marihuana.  These conversations were also
13 tape-recorded.
14 6.   On September 11, 1986, an inquiry was placed by DEA with Pacific Bell
15 Telephone Company, Los Angeles, California.  DEA was advised that telephone
16 number (619) 741-7324 was subscribed to by a Lupe IBARRA, residing at 563
17 Woods Drive, San Marcos, California.
18 7.   On September 17, 1986, Special Agent Guimond drove to the residence at
19 563 Woods Drive, San Marcos, California.  In addition to a 1984 beige-colored
20 Chevrolet Camaro, California license number 1LKV021, Special Agent Guimond
21 observed an approximately 1980, black and silver Chevrolet Caprice, with no
22 license plates attached, at the residence.  (During a resulting surveillance
23 by Customs Investigator Allen McMaster on September 18, 1986, Baja California
24 license plate number 105WHG was observed to have been placed on the 1980
25 Chevrolet Caprice.)
26 8.   On September 18, 1986, Special Agent Guimond placed a lookout in the
27 Treasury Enforcement Communications System (TECS), advising that the 1980
28 Chevrolet Caprice, Baja California license number 105WHG may be utilized to

smuggle marihuana from Mexico to the United States.

9. On September 22, 1986, at approximately 2:05 p.m., the 1980 Chevrolet Caprice, bearing Baja California license number 105WHG arrived at the Port-of-Entry, San Ysidro, California, driven by Salvador ALONSO-Aldama, of Tijuana, B.C., Mexico, who wore a gold bracelet inscribed with the name of "CHAVA". After Customs Inspector Andrew Aldana observed the TECS match on the license plate (which had been previously placed by Special Agent Guimond on September 18, 1986), Inspector Aldana escorted ALONSO-Aldama to the Secondary Inspection facility. At this time, Customs Enforcement Officers Robert Lange and Donald Dimmick, utilizing Customs Canines C-382 and C-302, respectively, conducted a canine examination of the 1980 Chevrolet Caprice, at which time both canines reacted in a manner which indicated the presence of a narcotic odor in the rear seat and trunk areas. A resulting examination of the inside of the trunk revealed a strong odor of marihuana, as well as the presence of numerous seeds and green vegetable matter resembling marihuana. Supervisory Customs Inspector Raymond Rios tested the trunk area, utilizing Sherwood Cannabis Spray #1 (Diazonium coupling reagent) and #2 Color Developer Reagent, observing a positive reaction for marihuana. Special Agent Guimond field-tested a portion of the above-described substance with the Duquenois-Levine Reagent System and also observed a positive reaction for the presence of marihuana.

10. During a further search of the 1980 Chevrolet Caprice, Special Agent JoAnn Abeyta discovered several documents on the front seat. These documents indicated numerous transactions, listing number of pounds, persons (to whom delivered) and dollar amounts. In my experience of investigating the smuggling and distribution of marihuana, I am aware that these documents resemble records commonly maintained by persons engaged in the trafficking of controlled substances and/or narcotics.