# EXHIBIT A

Docket Report

FINAL COURTRAN  CRIMINAL DOCKET&CAL-S(SAN DIEGO) 09/04/92

CR-86-00824-03    US-V-LOPEZ-CLARE         CR-86-00824-03    PAGE 1
as of 08/12/92 at 3:20 'PM

Judge: JUDGE THOMPSON                                    Case Filed: 10/03/86

Defendant:
D3   ALONSO-ALDAMA, SALVADOR
Aka: CHAVA

Dft ID: -25667

Defendant terminated: 05/11/87

Terminated counts:                    Disposition
Conspiracy to Possess a              (Count 3) Imp 30 mos, P/A$50,
Controlled Substance with            00 (05/11/87)
Intent to
Distribute
(Sched I - Marijuana)
21:846,841(a)(1)(3)
Aiding & Abetting Importation        (Count 2) consec to Ct 3,Imp
of a Controlled Substance            30 mos, S/P 2yrs, P/A$50,
(Sched I - Marijuana)                00 (05/11/87)
21:952,960,963,18:2 (2)
Conspiracy to Import a               (Count 1) consec to Ct2, Imp
Controlled Substance (Sched          10yrs., ESS & Prob2yrs
I - Marijuana), 21:952,              CGSsec,89) S/P.,P/A$50,00
960,963 (1)                          (05/11/87)
Aiding & Abetting Possession         (Count 4) Imp 10 yrs, ESS &
with a Controlled Substance          Prob 5yrs.conc.to Prob in
With Intent to Distribute            ct 1, P/A$50,00 (05/11/87)
(Sched I - Marijuana)
21:841(a)(1),18:2 (4)

Offense Level (disposition): FEL

Total Jail: 60 Mo  Total Probation: 60 Mo

Complaints:
Fld mag complaint 09/23/86 (21:952,960 and 846 -
Conspiracy to Import a Controlled Substance.).

GR10 HUB

```
*** GR10 108 ***

FINAL COURTRAN  CRIMINAL DOCKECAL-SC(SAN DIEGO) 09/04/92
CR-86-00824-C3

                US-V-LOPEZ-CLARE            CR-86-00824-03      PAGE 2
                as of 08/12/92 at 3:20 PM

Defense Counsel:
ESPINOZA-BOJORQUEZ, EDMUNDO
TESSEM, ESPINOZA & MANNING
1241 STATE ST.
SAN DIEGO, CA  92101
(714)231-6826
```

```
FINAL COURTRAN    CRIMINAL DOCKECAL-S(SAN DIEGO)  09/04/92              GRID JOB

CR-86-00824-03    US-V-LOPEZ-CLARE                      CR-86-00824-03    PAGE 3

                                   PROCEEDINGS

09/22/86   2   Defendant arrested (Dkt'd 10/01/86).

09/23/86   1   Filed magistrate complaint (Dkt'd 10/01/86).
           2   Case assigned to (MAG MOSKOWITZ (Dkt'd 10/01/86).
           2   Arraignment on magistrate complaint held (Dkt'd 10/01/86).
           2   Preliminary examination set for 10/03/86 @ 10:30 AM (MAG
               MOSKOWITZ) (Dkt'd 10/01/86).
           2   Bail not allowed (No bail pending detention hrg.) (MAG
               MOSKOWITZ) (Dkt'd 10/01/86).
           2   Detention hearing set for 09/30/86 @ 9:00 AM (MAG
               MOSKOWITZ) (Dkt'd 10/01/86).

09/30/86   3   Detention hearing continued to 10/03/86 @ 1:00 PM (AT
               request of defense atty.) (MAG MOSKOWITZ) (Dkt'd 10/01/86).

           3   Appearance of attorney [FREDALE, EUGENE G] (MAG MOSKOWITZ)
               (Dkt'd 10/01/86).

10/03/86   4   Filed indictment (Dkt'd 11/07/86).
          14   Case assigned to JUDGE BREWSTER (Dkt'd 11/05/86).
               Defendant appears with counsel (purs to 3161(c)(2)) (Dkt'd
               11/05/86).
          15   Bond (detained purs to 18 USC 3142(f) - per GJ) (Dkt'd
               11/05/86).
          15   Arraignment held (Counts 1-4) (MAG MOSKOWITZ) (Dkt'd
               11/07/86).
          15   Defendant enters plea of not guilty (Counts 1-4) (MAG
               MOSKOWITZ) (Dkt'd 11/07/86).
          15   Case assigned to JUDGE BREWSTER (MAG MOSKOWITZ) (Dkt'd
               11/07/86).
          15   Motion and trial setting continued to 10/06/86 @ 9:00 AM
               (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 11/07/86).
          15   Detention hearing held (MAG MOSKOWITZ) (Dkt'd 11/07/86).
          15   Order personal appearance bail set in the amount of $150,
               000.00 (+ $10,000 cash dep, co-sign of mother wife, mother-
               in-law + add'l conditions) (MAG MOSKOWITZ)
          16   Bond (fld 18 USC 3142(c) ord re conds of P/T rel w/conds
               actively seek & maintain employ w/perm of DNS, restrict
               trav to SD County, report on reg basis to PTSA for P/T
               super 2x wkly (as dir by PTSO, refrain from poss firearm
               or other dang weapon, refrain from use of narc drug or
               other contr subs w/out lawful med px exc P/S bnd in amt
               of $150,000 secured by cash dep of $10,000.00, TO to US of
               real estate approved by the magis to be that of house of
               mother- & father-in-law, & wife & to be that of house of
               mother- & father-in-law) (MAG MOSKOWITZ) (Dkt'd
               11/07/86).
```

4

FINAL COURTRAN
CR-86-00824-03
US-V-LOPEZ-CLARE

CRIMINAL DOCKECAL-S(SAN DIEGO) 09/04/92

CR-86-00824-03        PAGE 4

PROCEEDINGS

*** GRID KUB ***

| Date | No. | Proceeding |
|---|---|---|
| 10/06/86 | 17 | Motion and trial setting hearing held (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 11/07/86). |
| | 17 | Hearing on pre-trial motions set for 10/27/86 @ 2:00 PM (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 11/07/86). |
| | 17 | Cause continued for trial setting to 10/27/86 @ 2:00 PM (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 11/07/86). |
| 10/08/86 | 18 | Filed personal appearance bond in the amount of $150,000.00 (Posted $10,000.00 CASH dep on 10-8-86 t/w add'l bnd w/sigs, adv of penalties & sanctions form, & copy of ID) (MAG MOSKOWITZ) (Dkt'd 11/07/86). |
| 10/14/86 | 19 | Motion for discovery/inspection filed (MOT#1) (Counts 1-4) (Dkt'd 11/07/86). |
| | 19 | Mark-E statement beginning, 10/14/86 ('[In re MOTFDI on 10-14-86) (Dkt'd 11/07/86). |
| | 20 | Filed memorandum in support of motion for discovery/inspection (MOT#1) (mem of points & authorities) (Dkt'd 11/07/86). |
| | 21 | Motion to disclose electronic surveillance filed (MOT#2) (Counts 1-4) (& other surveillance) (Dkt'd 11/07/86). |
| | 22 | Filed memorandum in support of motion to disclose electronic surveillance (MOT#2) (mem of points & authorities) (Dkt'd 11/07/86). |
| | 23 | Motion to suppress statement/testimony filed (MOT#3) (Counts 1-4) (Dkt'd 11/07/86). |
| | 24 | Filed memorandum in support of motion to suppress statement/testimony (MOT#3) (mem of points & authorities) (Dkt'd 11/07/86). |
| | 25 | Motion to produce filed (MOT#4) (Counts 1-4) (for pres & for sanctions for destruct of any notes) (Dkt'd 11/07/86). |
| | 26 | Motion to produce rough notes of Govt wit interviews or in altern for sanctions for destruct of any notes) (Dkt'd 11/07/86). |
| | 26 | Filed memorandum in support of motion to produce (MOT#4) (mem of points & authorities) (Dkt'd 11/07/86). |
| | 27 | Motion for a pre-trial conference filed (MOT#5) (Counts 1-4) (Dkt'd 11/07/86). |
| | 28 | Filed memorandum in support of motion for a pre-trial conference (MOT#5) (mem of points & authorities) (Dkt'd 11/07/86). |
| | 29 | Motion to produce/inspect grand jury testimony filed (MOT#6) (Counts 1-4) (Dkt'd 11/07/86). |
| | 30 | Filed memorandum in support of motion to produce/inspect grand jury testimony (MOT#6) (mem of points & authorities) (Dkt'd 11/07/86). |
| | 31 | Motion filed (MOT#7) (Counts 1-4) (for ord prohib admis of co-conspir hearsay & req for evid hrg) (Dkt'd 11/07/86). |
| | 32 | Filed memorandum in support of motion (MOT#7) (mem of |

5

FINAL COURTRAN    CRIMINAL DOCKECAL-SCISAN DIEGO 09/04/92

CR-86-00824-03    US-V-LOPEZ-CLARE    CR-86-00824-03    PAGE 5

PROCEEDINGS

*** GRID LOG ***

| Date | No. | Proceedings |
|---|---|---|
| | 33 | points & authorities) (Dkt'd 11/07/86). |
| | | Motion filed (MOT#8) (Counts 1-4) (for prov of BRADY material & disclosure of impeaching into) (Dkt'd 11/07/86). |
| | 34 | Filed memorandum in support of motion points & authorities) (Dkt'd 11/07/86). (mem of |
| | 35 | Motion filed (MOT#9) (Counts 1-4) (for atty conducted voir dire) (Dkt'd 11/07/86). |
| | 36 | Filed memorandum in support of motion points & authorities) (Dkt'd 11/07/86). (MOT#9) (mem of |
| | 19 | Motion for discovery/inspection, to disclose electronic surveillance, to produce/inspect grand jury testimony, to produce, for a pre-trial conference, and hearing set for statement/testimony and hearing set for PM (MOT#'s 1,2,3,4,5,6,7,8,9) (JUDGE BREWSTER) (Dkt'd 11/07/86). |
| 10/21/86 | 37 | Filed memorandum in opposition to motion to discovery/inspection, to disclose electronic surveillance, to produce/inspect grand jury testimony, for a pre-trial conference, to suppress statement/testimony, and (MOT#'s 1,2,3,4,5,6,7,8,9) (by) (Dkt'd 11/07/86) & mem of points 1,2,3,4,5,6,7,8,9 (Dkt'd 11/07/86) (statement of facts |
| | 38 | - points 1,2,3,4,5,6,7,8,9) (Fld applic for ord short time t/s ord thereon re flg of Govt response) (Dkt'd 11/07/86). |
| 10/27/86 | 39 | Hearing on pre-trial motions set for, 12/01/86 @ 2:00 PM (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 11/07/86). |
| | 39 | Motion for discovery/inspection, to disclose electronic surveillance, to produce/inspect grand jury testimony, to produce, for pre-trial conference, to suppress statement/testimony, hearing continued to 12/01/86 @ 2:00 PM (MOT#'s 1,2,3,4,5,6,7,8,9) (JUDGE BREWSTER) (Dkt'd 11/07/86). |
| | 39 | Cause continued for trial setting for 12/01/86 @ 2:00 PM (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 11/07/86). |
| | 41 | Filed substitution of ES INOZA-BOURQUEZ, EDMUNDO as attorney of record, in stead of E. Iredale) (JUDGE BREWSTER) (Dkt'd 11/14/86). |
| | 41 | Attorney IREDALE, EUGENE G deleted from case (per atty subs) (JUDGE BREWSTER) (Dkt'd 11/14/86). |
| | 42 | Excludable delay due to hearings on Pretrial Motions began on 10/14/86 and ended on 12/01/86 (JUDGE BREWSTER) (Dkt'd 11/14/86). |
| 11/03/86 | | Bond (Rec'd & Orig T/D of Juan F. Ibarra & Gloria R. Ibarra, Husband and Wife as joint tenants, of property in the City of San Marcos, Lot 86 of San Marcos Woods, Unit |

6

```
FINAL COURTRAN    CRIMINAL DOCKET—SCSAN DIEGO) 09/04/92              *** GRID M08 ***

CR-86-00824-03    US-V-LOPEZ-CLARE                    CR-86-00824-03   PAGE 6
```

|          |    | PROCEEDINGS |
|----------|----|-------------|
|          |    | No. 3, forwarded Orig T/D to the financial Section.) |
| 11/19/86 | 45 | Motion (filed (MOT#13) (to return property) (Dkt'd 11/10/86). |
|          | 45 | Motion hearing set for 12/01/86 @ 2:00 PM (MOT#13) (JUDGE BREWSTER) (Dkt'g 12/01/86). |
|          | 46 | Filed memorandum in support of motion (MOT#13) (mem of points & authorities) (Dkt'd 12/01/86). |
|          | 47 | - (MOT#13) (fld mot to shorten time t/w declar of coun & order) (JUDGE BREWSTER) (Dkt'd 12/01/86). |
| 11/24/86 | 48 | Filed memorandum in opposition to motion (MOT#13) (by Gvt w/ stmt of facts & points & authorities) (Dkt'd 12/01/86). |
| 12/01/86 |    | Hearing on pre-trial motions held 12/01/86 (Counts 1-4) (swore wits, fld exhibits. 1st day) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
|          |    | Motion for discovery/inspection, to disclose electronic surveillance, to produce/inspect grand jury testimony, to produce for a pre-trial conference, to suppress statement/testimony, and hearing held (MOT#'s 1,2,3,4,5, 6,7,8,9,13) (swore wits, fld exhibits. 1st day) (JUDGE BREWSTER) (Dkt'd 12/04/86). |
|          |    | Motion for discovery/inspection, to disclose electronic surveillance, to produce/inspect grand jury testimony, to produce for a pre-trial conference, to suppress statement/testimony, and hearing (to convene 12/02/86 a 2:30 pm) (MOT#'s 1,2,3,4,5,6,7,8,9,13) (JUDGE BREWSTER) (Dkt'd 12/04/86). |
| 12/02/86 | 51 | Excludable delay due to hearings on Pretrial Motions began on 10/14/86 and ended on 01/13/87 (JUDGE BREWSTER) (Dkt'd 12/04/86). |
|          | 52 | Motion for discovery/inspection, to disclose electronic surveillance, to produce/inspect grand jury testimony, to produce for a pre-trial conference, to suppress statement/testimony, and hearing held (MOT#'s 1,2,3,4,5, 6,7,8,9,13) (swore wit, 2nd day) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
|          | 52 | Motion to produce/inspect grand jury testimony granted in part; denied in part (MOT#6) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
|          | 52 | Motion to disclose electronic surveillance and to suppress statement/testimony denied (MOT#'s 2,3) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
|          | 52 | Motion for discovery/inspection to produce and granted (MOT#'s 1,4,9) (JUDGE BREWSTER) (Dkt'd 05/27/87). |

```
FINAL COURTRAN   CRIMINAL DOCKET--S(SAN DIEGO) 09/04/92                    *** GRID NO# ***
CR-86-00824-03                                          CR-86-00824-03     PAGE 7
                 US-V-LOPEZ-CLARE

                                        PROCEEDINGS
```

| Date | No. | Proceedings |
|---|---|---|
| | 52 | Motion for a pre-trial conference hearing continued to 01/13/87 @ 9:00 AM (MOT#5) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| | 52 | Motion hearing continued to 01/13/87 @ 9:00 AM (MOT#7) (as to not allow conconspir hearsay, Gr as to req for evid hrg) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| | 52 | Trial setting hearing held (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| | 52 | Trial date set for 01/13/87 @ 9:00 AM (Counts 1-4) (Jury) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| | 53 | Bail hearing held (deft's oral mot to allow trav to Mexico den) (MAG MOSKOWITZ) (Dkt'd 05/27/87). |
| 12/23/86 | 54 | Bond (fld declar of coun re conds of bnd) (Dkt'd 05/28/87). |
| 12/23/86 | 55 | Filed stipulation between the government and defendant (re mod of conds) (87 bail bnd t/w ord thereon) (MAG MOSKOWITZ) (Dkt'd 05/28/87). |
| 12/30/86 | 56 | Bond (fld ack & cons by sureties) (Dkt'd 05/27/87). |
| 01/07/87 | 57 | Order filed (fld ord perm def to test samp of marijuana) (JUDGE BREWSTER) (Dkt'd 05/28/87). |
| 01/07/87 | 58 | Filed stipulation between the government and defendant (re cust of evid t/w ord thereon) (JUDGE BREWSTER) (Dkt'd 05/28/87). |
| 01/09/87 | 59 | Filed trial memorandum (Counts 1-4) (of Govt) (Dkt'd 05/27/87). |
| 01/13/87 | 60 | Excludable delay due to hearings on Pretrial Motions began on 01/13/87 and ended on 02/24/87 (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| 01/13/87 | 60a | Minute Sheet: filed (Ent ord trial & severance mot set, 2-24-87 @ 9 am) (JUDGE BREWSTER) (Dkt'd 06/02/87). |
| 02/06/87 | 63 | Bond (fld ack & cons by sureties modify) (Dkt'd 05/27/87). |
| 02/06/87 | 63 | Bond (fld ack & cons by sureties) (Dkt'd 05/28/87). |
| 02/20/87 | 63a | Bond (fld ack & cons by surety) (Dkt'd 05/28/87). |
| 02/27/87 | 65 | Trial date striken (Counts 1,2,3,4) (JUDGE BREWSTER) |
| 02/27/87 | 65 | Status hearing set for 02/27/87 @ 9:00 AM (for dispo) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| 02/27/87 | 68 | Excludable delay due to hearings on 02/27/87 (JUDGE BREWSTER) (Dkt'd 05/27/87) began on 12/02/86 and ended on 02/27/87. |
| 02/27/87 | 69 | Status hearing held (JUDGE BREWSTER) (Dkt'd 05/28/87). |

8

FINAL COURTRAN  CRIMINAL DOCKECAL-S(SAN DIEGO) 09/04/92

| CR-86-00824-03 | US-V-LOPEZ-CLARE | CR-86-00824-03 | PAGE 8 |

PROCEEDINGS

**** GRID 008 ****

| Date | No. | Proceeding |
|---|---|---|
| 05/14/87 | 80 | Order personal appearance bail set in the amount of $250,000.00 (cosgnd by wife & prop owners, sec by TD & conds - see ord fld. Appeal bond. Deft to surr to USM or appr in crt as req by crt ord) (MAG MOSKOWITZ) (Dkt'd 05/28/87). |
| 05/11/87 | 77 | Bond (fld ack & cons by sureties re bail pend appl) (Dkt'd 05/28/87). |
| | 78 | Sentencing of defendant (Count 3) (Imp 30 mos, P/AS$50.00) (JUDGE BREWSTER) (Dkt'd 05/28/87). |
| | 78 | Sentencing of defendant (Count 2) (consec to ct 3, Imp 30 mos. S/P 2yrs., P/AS$50.00) (JUDGE BREWSTER) (Dkt'd 05/28/87). |
| | 78 | Sentencing of defendant (Count 1) (consec to Ct2, Imp 10yrs, BREWSTER) (Dkt'd 05/28/87). |
| | 78 | Sentencing of defendant (Count 4) (Imp 10 yrs, ESS & Prob 5yrs, conc to Prob in ct 1., P/AS$50.00) (JUDGE BREWSTER) (Dkt'd 05/28/87). |
| | 78 | ESS & Prob 5yrs, consec to S/P., P/AS$50.00) (JUDGE BREWSTER) (Dkt'd 05/28/87). |
| | 78 | Bond exonerated (deft remanded) (JUDGE BREWSTER) (Dkt'd 05/28/87). |
| | 77 | Motion to bail pending appeal denied (MOT#15) (JUDGE BREWSTER) (Dkt'd 05/28/87). |
| | 79 | Issued judgment and commitment to U.S. Marshal (Counts 1-4) (ent 5-12-87) (JUDGE BREWSTER) (Dkt'd 05/28/87). |
| 05/04/87 | 76 | Sentencing continued to 05/11/87 @ 9:00 AM (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| 05/01/87 | 73 | Motion (5/27/87) for bail pending appeal filed (MOT#15) (Dkt'd 05/27/87). |
| | 74 | Filed affidavit in support of motion for bail pending appeal (MOT#15) (of coun) (Dkt'd 05/28/87). |
| | 75 | Filed memorandum in support of motion for bail pending appeal (MOT#15) (mem of P's & A's) (Dkt'd 05/27/87). |
| 03/04/87 | 71 | Order filed (cond plea pursuant to F.R.Crim.P. Rule 11 (A)(2) w/order) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| | 70 | Order conditions of bond modified (to permit travel to LA for business) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| | 70 | Sentencing set for 05/27/87 @ 9:00 AM (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| | 70 | Order cause referred to the probation department for a pre-sentence investigation (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| | 70 | Defendant enters plea of guilty (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 05/27/87). |
| | 7C | Defendant withdraws plea of not guilty (Counts 1-4) (JUDGE BREWSTER) (Dkt'd 05/27/87). |

9

FINAL COURTRAN
CR-86-00824-03

CRIMINAL DOCKECAL-S(SAN DIEGO) 09/04/92

CR-86-00824-03

US-V-LOPEZ-CLARE

PAGE 9

*** GRID A09 ***

PROCEEDINGS

| Date | No. | Proceedings |
|---|---|---|
| 05/19/87 | 81 | Filed notice of appeal ((counts 1-4) (APPL#1) (re final jgmt of 5-11-87) (Dkt'd 05/28/87). |
| 05/19/87 | 82 | - (APPL#1) (ord for time sched fld) (Dkt'd 05/28/87). Notice of appeal and docket entries transmitted to USCA (APPL#1) (t/w ord for time sched, dkt fee paymt notif form, case info snt) (Dkt'd 05/28/87). |
| 05/20/87 | 83 | Bond (Ent ord crt ords all tax liens clrd on all prop prior to post bond) (MNG MOSKOWITZ) (Dkt'd 05/28/87). |
| 05/21/87 | 84 | Filed personal appearance bond in the amount of $250,000.00 (t/w attachments. Appeal bond) (MNG MOSKOWITZ) (Dkt'd 05/28/87). |
| 05/21/87 | 85 | Bond (Dclar of coun in spt of sureties) (Dkt'd 05/28/87). |
| 06/08/87 | | Bond (rec'd Orig T/D from Jose Aantonio Ffierro & Valentina Ffierro for two propterties) (Dkt'd 06/07/87. |
| 06/26/87 | 86 | Filed designation for record on appeal (for repts transcript) (Dkt'd 06/30/87). |
| 07/09/87 | | Filed transcript of proceedings for 12/01/86 (112-2-86,2-27-87,5-11-87 by Linda S. Jjohnson OCR) (Dkt'd 07/14/87). |
| 07/10/87 | | - (APPL#1) (CLK cert of Record mld to USCA & all cnst) (Dkt'd 07/14/87). |
| 04/07/88 | | Certified and transmitted record on appeal to United States Court of Appeals (APPL#1) (Clerk's Record and one set of two volumes, and Reporter's Transcripts in one set of one volume.) (Dkt'd 04/15/88). |
| 05/19/88 | | Filed certified copy of order from U.S. Court of Appeals affirming judgment of U.S. District Court. (APPL#1) (Rcvd on 5/23/88 cc of jgm of USCA affirming decision of USDC.) (Dkt'd 05/24/88). |
| 05/31/88 | 89 | Hearing set to 06/13/88 a 9:00 AM (Hrg requisite to filing cc of jgm of the USCA.) (JUDGE BREWSTER) (Dkt'd 06/01/88). |
| 06/13/88 | 90 | Hearing held (Hrg requisite to filing cc of jgm of USCA affirming decision of USDC. Ord fld & ent'd.) (JUDGE BREWSTER) (Dkt'd 06/14/88). |
| 06/13/88 | 91 | - (APPL#1) (Fld cc of jgm of USCA affirming decision of USDC. Ent'd on 6/14/88.) (JUDGE BREWSTER) (Dkt'd 06/14/88). |
| | 90 | Defendant not appearing. Bench warrant issued (bnd stayed |

10

FINAL COURTRAN CRIMINAL DOCKECAL-S(SAN DIEGO) 09/04/92

CR-86-00824-03  US-V-LOPEZ-CLARE  PROCEEDINGS

*** GRID B09 ***

CR-86-00824-03  PAGE 10

90 — 30 days;) (JUDGE BREWSTER) (Dkt'd 06/14/88)
Bail hearing set for 07/11/88 @ 9:00 AM (for further hrgs re bond stayed 30 days.) (JUDGE BREWSTER) (Dkt'd 06/14/88).

07/11/88  92 — Bail hearing stricken (JUDGE BREWSTER) (Dkt'd 07/11/88)
92 — Order case reassigned to JUDGE THOMPSON (JUDGE BREWSTER) (Dkt'd 07/11/88).

08/15/88  93 — Motion for judgment of default on bond filed (MOT#18) (Dkt'd 08/18/88)

93 — Motion for a pre-trial conference and hearing stricken (MOT#'s 5,7) (CLERK) (Dkt'd 08/18/88).

08/15/88  93 — Motion for judgment of default on bond hearing set for 09/19/88 @ 9:00 AM (MOT#18) (before Judge Thompson.) (Dkt'd 08/18/88).

09/12/88  94 — Filed memorandum in opposition to motion for judgment of default on bond (MOT#18) (fld surety's response in opposition to mot for jgm on default.) (Dkt'd 09/13/88).
- (MOT#18) (fld pts & auths in response and opp to mot for jgm on default.) (Dkt'd 09/13/88).

09/19/88  95 — Motion for judgment of default on bond hearing held (MOT#18) (JUDGE THOMPSON) (Dkt'd 09/19/88).
96 — Motion for judgment of default withdrawn (MOT#18)

09/19/88  96 — Motion for judgment of default (ord off cal.) (JUDGE THOMPSON) (Dkt'd 09/19/88).

09/29/88  97 — Motion by government filed (MOT#19) (Dkt'd 09/30/88).
98 — Motion by government granted (MOT#19) (fld ord.) (JUDGE BREWSTER) (Dkt'd 09/30/88).

09/30/88  98 — Bond exonerated (It is hereby ordered tha the appellate bond posted by dft in this case is exonerated.) (JUDGE BREWSTER) (Dkt'd 09/30/88).

End of docket

# EXHIBIT B

Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,              )
                                       )
              v.                       )
                                       )
    Salvador ALONSO-Aldama             )        S. Harris
    AKA: Salvador ALONZO-Aldama        )
                                       )    Magistrate's Case No.
                                       )
                                       )    COMPLAINT FOR VIOLATION OF
                                       )
                                       )    21 U.S.C. §§ 952, 960, 963 and 846
                                       )    Conspiracy to Import
                                       )    a Controlled Substance

The undersigned complainant being duly sworn states:

Beginning at a date unknown and continuing up to and including
September 22, 1986          within the Southern District of California,
defendant(s)  Salvador ALONSO-Aldama

did knowingly and willfully combine, conspire and agree together and with
each other and with          other persons unknown to knowingly commit of-
fenses against the United States, namely, to knowingly and intentionally
import marihuana (422 pounds) , a Schedule I/II Controlled Substance, into
the United States from a place outside thereof; in violation of Title 21,
United States Code, Sections 952, 960 and 963, as well as conspire to commit
the foregoing offenses in violation of Title 21, United States Code, Section 846.

And the complainant states that this complaint is based on the attached
statement of facts, which is incorporated herein by reference.


                                    _____
                                    Signature of Complainant

                                    Special Agent, U.S. Customs Service
                                    Official Title

Sworn to before me and subscribed in my presence, September 23, 1986

                                    _____
                                    United States Magistrate
                                    Roger Curtis McKee

13

CCU/#4

1    UNITED STATES OF AMERICA

2          V.

3    Salvador ALONSO-Aldama

4              STATEMENT OF FACTS

5

6    1.    On September 11, 1986, Julian LOPEZ-Clare and Serio MARTIN DEL CAMPO-

7    Marron were arrested by Special Agent Patrick J. Guimond at the Port-of-Entry,

8    San Ysidro, California when their vehicle was discovered to contain approxi-

9    mately four hundred and twenty-two (422) pounds of marihuana.

10   2.    After being advised of his constitutional rights, per Miranda, by Drug

11   Enforcement Administration (DEA) Special Agents J. Mavromatis and L. Leveron,

12   LOPEZ-Clare agreed to give a statement to special agents, as well as cooper-

13   ate in a controlled delivery of the previously-described marihuana.

14   3.    LOPEZ-Clare stated that, in addition to the above-described load of

15   marihuana, that he (LOPEZ-Clare) had driven another multi-hundred pound con-

16   signment of marihuana through the Port-of-Entry, San Ysidro, California on

17   or about September 9, 1986. In both instances, LOPEZ-Clare had been provided

18   with keys for the load vehicles in Tijuana, B.C., Mexico by a Mexican male

19   known only as "CHAVA". The consignment of marihuana smuggled on September 9,

20   1986 had been left by LOPEZ-Clare (in the vehicle) at the Alpha Beta, Inc.

21   Shopping Center parking lot, 19th Street and Coronado Boulevard, Imperial

22   Beach, California per "CHAVA's" instructions. At this point, LOPEZ-Clare

23   contacted "CHAVA" at telephone number (619) 741-7324, advising "CHAVA" that

24   the marihuana had been sucessfully smuggled. Approximately forty (40)

25   minutes later, "CHAVA", driving a late-model, light colored Chevrolet Camaro

26   arrived at LOPEZ-Clare's residence, paid LOPEZ-Clare $4,000.00 (U.S.), took

27   possession of the keys to the load vehicle and departed.     **14**

28   4.    On September 11, 1986, with LOPEZ-Clare's cooperation, Special Agents

Guimond, Arroyo and Joseph Martinez escorted LOPEZ-Clare to his residence at

1844 Donax Avenue, Imperial Beach, California, where LOPEZ-Clare called tele-

phone number (619) 741-7324 and advised an unidentified latin female that he

(LOPEZ-Clare) had reached the United States, requesting a telephone call from

"CHAVA". This telephone call was tape-recorded.

5.    On the evening of September 11, 1986, LOPEZ-Clare received two (2) tele-

phone calls from an individual whom LOPEZ-Clare recognized as "CHAVA". LOPEZ-

Clare told "CHAVA" that the consignment of marihuana (referred to in the Mex-

ican vernacular, "mota") had arrived. "CHAVA" declined to pick up the mari-

huana that evening, stating that he ("CHAVA") would arrive at LOPEZ-Clare's

residence the following morning (September 12, 1986) at approximately 11:00

a.m. to recover the vehicle and marihuana. These conversations were also

tape-recorded.

6.    On September 11, 1986, an inquiry was placed by DEA with Pacific Bell

Telephone Company, Los Angeles, California. DEA was advised that telephone

number (619) 741-7324 was subscribed to by a Lupe IBARRA, residing at 563

Woods Drive, San Marcos, California.

7.    On September 17, 1986, Special Agent Guimond drove to the residence at

563 Woods Drive, San Marcos, California. In addition to a 1984 beige-colored

Chevrolet Camaro, California license number 1LKV021, Special Agent Guimond

observed an approximately 1980, black and silver Chevrolet Caprice, with no

license plates attached, at the residence. (During a resulting surveillance

by Customs Investigator Allen McMaster on September 18, 1986, Baja California

license plate number 105WHG was observed to have been placed on the 1980

Chevrolet Caprice.)

8.    On September 18, 1986, Special Agent Guimond placed a lookout in the

Treasury Enforcement Communications System (TECS), advising that the 1980

Chevrolet Caprice, Baja California license number 105WHG may be utilized to

1   smuggle marihuana from Mexico to the United States.

2   9.   On September 22, 1986, at approximately 2:05 p.m., the 1980 Chevrolet

3   Caprice, bearing Baja California license number 105WHG arrived at the Port-

4   of-Entry, San Ysidro, California, driven by Salvador ALONSO-Aldama, of

5   Tijuana, B.C., Mexico, who wore a gold bracelet inscribed with the name of

6   "CHAVA".   After Customs Inspector Andrew Aldana observed the TECS match on

7   the license plate (which had been previously placed by Special Agent Guimond

8   on September 18, 1986), Inspector Aldana escorted ALONSO-Aldama to the Sec-

9   ondary Inspection facility.   At this time, Customs Enforcement Officers

10  Robert Lange and Donald Dimmick, utilizing Customs Canines C-382 and C-302,

11  respectively, conducted a canine examination of the 1980 Chevrolet Caprice,

12  at which time both canines reacted in a manner which indicated the presence

13  of a narcotic odor in the rear seat and trunk areas.   A resulting examination

14  of the inside of the trunk revealed a strong odor of marihuana, as well as

15  the presence of numerous seeds and green vegetable matter resembling mari-

16  huana.   Supervisory Customs Inspector Raymond Rios tested the trunk area,

17  utilizing Sherwood Cannabis Spray #1 (Diazonium coupling reagent) and #2

18  Color Developer Reagent, observing a positive reaction for marihuana.   Special

19  Agent Guimond field-tested a portion of the above-described substance with

20  the Duquenois-Levine Reagent System and also observed a positive reaction for

21  the presence of marihuana.

22  10.   During a further search of the 1980 Chevrolet Caprice, Special Agent

23  JoAnn Abeyta discovered several documents on the front seat.   These documents

24  indicated numerous transactions, listing number of pounds, persons (to whom

25  delivered) and dollar amounts.   In my experience of investigating the smugg-

26  ling and distribution of marihuana, I am aware that these documents resemble

27  records commonly maintained by persons engaged in the trafficking of controll-

28  ed substances and/or narcotics.

# EXHIBIT C

Indictment

FILED

3    :35

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

May 1985 Grand Jury

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 86-0824-B |
|---|---|---|
| Plaintiff, | ) | I N D I C T M E N T |
| | ) | (Superseding) |
| v. | ) | Title 21, U.S.C., Secs. 952, 960 and 963 - |
| | ) | Conspiracy to Import a Controlled |
| JULIAN LOPEZ-CLARE, (1) | ) | Substance; Title 21, U.S.C., Secs. 952, |
| SERGIO MARTIN del CAMPO- | ) | 960 and 963 - Importation of a Controlled |
| MARRON, (2) | ) | Substance; Title 21, U.S.C., Secs. 846 |
| SALVADOR ALONSO-ALDAMA, (3) | ) | and 841(a)(1) - Conspiracy to Possess a |
| aka "Chava", | ) | Controlled Substance with Intent to |
| | ) | Distribute; Title 21, U.S.C., Sec. |
| Defendants. | ) | 841(a)(1) - Possession of a Controlled |
| | ) | Substance with Intent to Distribute; |
| | ) | Title 18, U.S.C., Sec. 2 - Aiding and |
| | ) | Abetting |

The grand jury charges:

Count 1

Beginning at a date unknown to the grand jury and continuing up to and including September 22, 1986, within the Southern District of California, and elsewhere, defendants JULIAN LOPEZ-CLARE, SERGIO MARTIN del CAMPO-MARRON and SALVADOR ALONSO-ALDAMA, aka "Chava", did knowingly and wilfully combine, conspire, and agree together and with each other and with divers other persons known and unknown to

//

18

EAH:pfn:San Diego:2
10/02/86

the grand jury to knowingly commit offenses against the United States, namely, to knowingly and intentionally import marijuana, a Schedule I Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

OVERT ACTS

In furtherance of said conspiracy and to further the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

1.   On or about September 11, 1986, defendant JULIAN LOPEZ-CLARE drove a 1979 Ford LTD automobile containing approximately 422 pounds of marijuana marijuana from Tijuana, Baja California, Mexico, into the United States through the Port of Entry, San Ysidro, California.

2.   On or about September 11, 1986, defendant SERGIO MARTIN del CAMPO-MARRON rode in the 1979 Ford LTD automobile containing approximately 422 pounds of marijuana from Tijuana, Baja California, Mexico, into the United States throught the Port of Entry, San Ysidro, California.

3.   On or about September 11, 1986, by telephone in San Diego, California, defendant SALVADOR ALONSO-ALDAMA, aka "Chava", made arrangements to pick up the marijuana from defendant JULIAN LOPEZ-CLARE.

//
//
//
//
//

19

4.   On or about September 22, 1986, defendant SALVADOR ALONSO-
ALDAMA, aka "Chava",    drove a 1980 Chevrolet Caprice
automobile from Tijuana, Baja California, Mexico, into the United
States through the Port of Entry, San Ysidro, California.

All in violation of Title 21, United States Code, Sections 952, 960 and 963.

20

Count 2

On or about September 11, 1986, within the Southern District of California, defendants JULIAN LOPEZ-CLARE, SERGIO MARTIN del CAMPO-MARRON and SALVADOR ALONSO-ALDAMA, aka "Chava", did knowingly and intentionally import, and attempt to import, approximately 422 pounds of marijuana, a Schedule I Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952, 960 and 963, and Title 18, United States Code, Section 2.

21

Count 3

Beginning at a date unknown to the grand jury and continuing up to and including September 22, 1986, within the Southern District of California, defendants JULIAN LOPEZ-CLARE, SERGIO MARTIN del CAMPO-MARRON and SALVADOR ALONSO-ALDAMA, aka "Chava", did knowingly and wilfully combine, conspire, and agree together and with each other and with divers other persons known and unknown to the grand jury to knowingly commit offenses against the United States, namely, to knowingly and intentionally possess with intent to distribute marijuana, a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

OVERT ACTS

In furtherance of said conspiracy and to further the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

1.   On or about September 11, 1986, defendant JULIAN LOPEZ-CLARE drove a 1979 Ford LTD automobile containing approximately 422 pounds of marijuana from Tijuana, Baja California, Mexico, into the United States through the Port of Entry, San Ysidro, California.

2.   On or about September 11, 1986, defendant SERGIO MARTIN del CAMPO-MARRON rode in the 1979 Ford LTD automobile containing approximately 422 pounds of marijuana from Tijuana, Baja California, Mexico, into the United States through the Port of Entry, San Ysidro, California.

3.   On or about September 11, 1986, by telephone in San Diego, California, defendant SALVADOR ALONSO-ALDAMA, aka "Chava", made arrangements to pick up the marijuana from defendant JULIAN LOPEZ-CLARE.

22

4. On or about September 22, 1986, defendant SALVADOR ALONSO-ALDAMA, aka "Chava", drove a 1980 Chevrolet Caprice automobile from Tijuana, Baja California, Mexico, into the United States through the Port of Entry, San Ysidro, California.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Count 4

On or about September 11, 1986, within the Southern District of California, defendants JULIAN LOPEZ-CLARE, SERGIO MARTIN del CAMPO-MARRON and SALVADOR ALONSO-ALDAMA, aka "Chava", did knowingly and intentionally possess, with intent to distribute, approximately 422 pounds of marijuana, a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

DATED: October 3, 1986.

A TRUE BILL:

_HT Chas true_
Foreperson

PETER K. NUNEZ
United States Attorney

By: _Elizabeth A. Hartwig_
ELIZABETH A. HARTWIG
Assistant U.S. Attorney

24



**FILED**

**6/25/08**

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

**USA**                                                    **86cr824-BTM**

**-v-**

**Salvador Alonso-Aldama**

## SEALED DOCUMENT

## Exhibit D (Pages 25-40) - SEALED DOCUMENT

# EXHIBIT E

Judgement and Commitment

FILED
ENTERED
LODGED
RECEIVED

MAY 12 1987

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA
------------------------------

UNITED STATES OF AMERICA )
)
v. )
) No. 86-0824-B
SALVADOR ALONSO-ALDAMA (3) )
)

On this 11th day of May, 1987, came the attorney for the government and the defendant appeared in person and by counsel, Edmundo Espinosa,

IT IS ADJUDGED that the defendant upon his plea of guilty has been convicted of the offense of conspiracy to import a controlled substance in violation or 21 USC 952, 960, and 963 as charged in count 1, aiding and abetting importation of a controlled substance in violation of 18 USC 2, 21 USC 952, 960, and 963 as charged in count 2 and conspiracy to possess a controlled substance with intent to distribute in violation of 21 USC 846, 841(a)(1) as charged in count 3 and of aiding and abetting possession of a controlled substance with intent to distribute in violation of 18 USC 2 and 21 USC 841(a)(1) as charged in count 4 of the Indictment in four counts, and the Court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

IT IS ADJUDGED that the defendant is guilty as charged and convicted.

IT IS ADJUDGED that on count 3 the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of thirty (30) months.

IT IS ADJUDGED that on count 2 consecutive to count 3 the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of thirty (30) months. IT IS ORDERED that in addition to such term of imprisonment, defendant is hereby required to serve a special term of two (2) years as prescribed by 21 USC 960(b)(2).

IT IS ADJUDGED that on count 1 the defendant is hereby committed to the custody of the Attorney general or his authorized representative for imprisonment for a period of ten (10) years execution of sentence is suspended and the defendant is placed on probation for a period of five (5) years, following the service of the sentence on counts 2 and 3 and consecutive to the special parole term in count 2, on condition that he obey all laws, Federal, State, and Municipal, that he comply with all lawful rules and regulations of the Probation Department, that he not possess or use narcotics, marihuana, LSD or dangerous drugs in any form, that he not associate with known users of or dealers in narcotics, marihuana, LSD, or dangerous drugs in any form, that he submit to testing to determine any drug usage as directed by the Probation Department, that he submit to search of his person or property conducted in a reasonable manner and at a reasonable time by a probation officer, upon deportation that he not enter the United States without proper papers in his possession,

**42**

JUDGMENT AND COMMITMENT PAGE 2
U.S.A.  v   SALVADOR ALONSO-ALDAMA (3)
86-0824-B- Criminal

that upon reentry into the United States, that he report to the Probation Department within 24 hours, that he report to the Probation Department all vehicles which he owns, operates, or has an interest therein.

IT IS ADJUDGED that on count 4 the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of ten (10) years, execution of sentence is suspended and the defendant is placed on probation for a period of five (5) years, concurrent to the probation on count 1, on the same terms and conditions as imposed in count 1.

Pursuant to 18 USC 3013 an assessment is hereby levied in the amount of $50.00 as to each of counts 1, 2, 3, and 4 for a total assessment of $200.00.

IT IS ORDERED that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant.

RUDI M. BREWSTER,
UNITED STATES DISTRICT JUDGE
FILED: May 11, 1987
WILLIAM W. LUDDY, CLERK
BY: _____
D. HARRIS, DEPUTY CLERK

I hereby attest and certify on 5/20/87
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.

WILLIAM W. LUDDY
CLERK U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy

43

CR 11 (Rev. 8/12)    FELONY

## WARRANT FOR ARREST

### United States District Court

| UNITED STATES OF AMERICA | DISTRICT SOUTHERN DISTRICT OF CALIFORNIA |
|---|---|

| v. | DOCKET NO. 86-0824-B | MAGISTRATE CASE NO. |
|---|---|---|

SALVADOR ALONSO-ALDAMA      JUN 13 2 23

NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED
SALVADOR ALONSO-ALDAMA (3)
aka "Chava"

| WARRANT ISSUED ON THE BASIS OF: | |
|---|---|
| ☒ Failure to Appear | ☐ Order of Court |
| ☐ Indictment | ☐ Information | ☐ Complaint |

| TO: any U.S. Marshal or other authorized officer | DISTRICT OF ARREST |
|---|---|
| | CITY |

**YOU ARE HEREBY COMMANDED** to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

## DESCRIPTION OF CHARGES

Failure to surrender at hearing requisite to filing petition of USCA affirming decision of the USDC:

21 USC 952, 960 & 963 - Conspiracy to import a controlled substance:
                        Sched I: Marijuana,

21 USC 952, 960 & 963 - Importation of a controlled substance,
and 18 USC 2

21 USC 846 & 841(a)(1) - Conspiracy to possess a controlled substance
                         with intent to distribute,

21 USC 841(a)(1) - Possession of a controlled substance with intent
                   to distribute.

| IN VIOLATION OF | UNITED STATES CODE TITLE See above | SECTION |
|---|---|---|

| BAIL | OTHER CONDITIONS OF RELEASE |
|---|---|

| ORDERED BY | DATE ORDERED |
|---|---|
| HON. RUDI M. BREWSTER | June 13, 1988 |
| CLERK OF COURT /U.S. MAGISTRATE | (BY) DEPUTY CLERK | DATE ISSUED |
| WILLIAM W. LUDDY, Clerk | T. Mason | June 13, 1988 |

## RETURN

This warrant was received and executed with the arrest of the above-named person.

| RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

44

Note: The arresting officer is directed to serve the attached copy of the charge on the defendant at the time this warrant is served.

NAME AND ADDRESS OF ATTO

E. ESPINOZA
225 BROADWAY, STE. 900
SAN DIEGO, CA 92101

Phone: 619-232-0661

X Retained _____ Appointed

```
┌─────────────────────────┐
│          FILED          │
│         ENTERED         │
│         LODGED          │
│        RECEIVED         │
│                         │
│      MAY 1 4 1987       │
│  CLERK, U.S. DISTRICT COURT │
│ SOUTHERN DISTRICT OF CALIFORNIA │
│ BY                DEPUTY │
└─────────────────────────┘
```

### IN THE UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

TRIAL JUDGE  _RUDI M. BREWSTER_  Court Reporter _____

|  |  |
|---|---|
| _U.S. OF AMERICA_ ) | No. _CR 86-0824-3-B_ Criminal |
| (Appellant/Appellee) Plaintiff ) |  |
| ) |  |
| ) | Associated Cases: _none_ |
| **vs** ) |  |
| ) | _____ |
| _SALVADOR ALONSO-ALDAMA_ ) |  |
| ) | NOTICE OF APPEAL (CRIMINAL) |
| ) |  |
| (Appellant/Appellee) Defendant ) |  |

Notice is hereby given that _SALVADOR ALONSO-ALDAMA_
defendant above named, hereby appeals to the United States Court of
Appeals for the Ninth Circuit from the  (check one)

( X ) Final Judgment          (  ) Order  (describe)

entered in this proceeding on the __11__ day of __MAY__ , 19_87_.

Transcript required __X__ Yes ____ No

Date ( ✓ ) Indictment (  ) Information Filed _____

DATED: _5-14-87_          _____
                              Signature

NOTICE OF APPEAL MAY BE SIGNED BY:
    (1) the defendant, or (2) defendant's attorney, or (3) the Clerk on
    request from defendant.

    CO-DEFENDANTS IN CASE

_JULIAN LOPEZ-CLARE_

_____

_____                _1001 Cuter Rd._
                                  _San Diego, CA_

                                  Defendant's address  **45**
                                  (Court must be advised of any
                                  change)

mc430
CRIM-20  Rev. (11-82)

MINUT___ F THE UNITED STATES DIS___ ___ COURT
SOUTHERN DISTRICT OF CALIFORNIA

U.S.A. vs _Alonso-Aldawa_ ('B _____ ( )No. _86-P24-E_

_____ ( ) _____ ( ) _____ (

☑Present ☑In Custody __On Bond __O/R __Probation __N/A __NTA __Surrender

Magistrate _Barry Ted Moskowitz_ Ctrm Dep _Christine M. Gibson_ NG Rptr _____

Asst U.S. Atty _Betsy Hartwig_ Tape No. _STM 86-40:600-3248_

Attorney _Eugene Dredale_ _____ for ( ) __Apt __Re

_____ for (0B) __Apt ✓Re

_____ for ( ) __Apt __Re

_____ for ( ) __Apt __Re

_____ for ( ) __Apt __Re

_____ for ( ) __Apt __Re

_____ Apt for Mat Wits

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

DOA:_____ FIRST APPEAR:_____ ___Deft Arr on Complaint/ODC/OS

__ P/E __F/P __Removal Hrg:__Waived __Set/Cont to _____

__ Case Dismissed - On oral Mot of_____ ___Ordered Removed

☑ Bail Review __Affirmed ✓Set at/Modified to $150,000 P/S + $10,000 cash de
_co-sign of mother, wife, mother-in-law & father-in-law_ Cont to + add'l cond's

__ Deft N/A, on oral mot US Atty bond forf & B/W issued __Bail _____

__ B/W withdrawn - Issd abs to mars __Forf set aside __Bond reinstated

__ Waiver of Ind fld __Superseding __Ind __Info filed __Cert re Juv Del filed

☑ Fld Consent to trial by Mag __Deft states TN to be _____

☑ Arr & Plea (SI) __Ch Plea (SI) __Guilty Cts ✓Not Guilty Cts _all_

__ Tendered Cts_____ __Nolo Contendre Cts_____ __Deny __Admits Juv Del Cts __

__ Set/Cont to_____ ___Bond Exonerated

__ Ref P/O for PSI & Sent set for_____ __OH set for _____

☑ Re-assigned to Judge _Brewster_ & Cont to _10-6-86 @ 9:00 a.m._

☑ for ✓Motion/Trial settg __Dispo __Hrg P/T Mots __OSC ___ ___

__ Rev Probation __Admit __Deny __Ct finds deft __in viol __not in viol

__ Prob __revoked __terminated __reinstated on probation ___ ___

__ Cont on Prob __Hrg cont to_____ ___Remaining counts dismissed

__ Bail Review Mat Wits __Affirmed ___ M/Ws Ord Rel; US Atty to prepare order

___ Set at/Modified to _____

_____ ___Cont to _____

__ Cts_____ __ISS __CAG _____ __Exec of (__balance) sent suspended

__ Prob for ____yrs ___months __Super __Unsuper __upon_____

__ Restitution ord __Sum of $_____ ___payments __as determ by P/O

__ Fine $_____ ___Commtd pend pymt fine __exec stayed to_____

✓Other _Detention Hrg held - Deft has bail set by_
_$150,000 P/S_

Date _10-3-86_ _____ Entered Date _____ \hh

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            )    CRIMINAL CASE # *86-824-B*
                                     )
                                     )    ORDER RE CONDITIONS
                       vs.           )    OF PRETRIAL RELEASE;
                                     )    BAIL (18 USC 3142(c))
*Salvador Alonso*                    )
*Aldana (03)*                        )

A hearing was held to determine the pretrial conditions of release of the defendant, pursuant to, 18 USC 3142. All matters considered, the Magistrate determined that an unconditional release pursuant to 18 USC 3142(b) is not sufficient to assure the appearance of the defendant and the safety of the community and that conditions of pretrial release are reasonably necessary pursuant to 18 USC 3142(c). Good cause appearing,

IT IS ORDERED that the defendant shall be released subject to the condition that he (she) not commit a federal, state, or local crime during the period of release and that the defendant shall comply with the conditions itemized below, as indicated (X) in accordance with 18 USC 3142(c)(2):

_____  A.  submit to supervision and custody of _____ designated as custodian;

✓  B.  actively seek and maintain employment; *w/ permission of DNS*

_____  C.  maintain an educational program;

✓  D.  restrict travel to ( ✓ ) San Diego County, or ( ) State of California, or ( ) United States;

_____  E.  avoid all contact with the following persons _____;

✓  F.  report on a regular basis to the Pretrial Services Agency (PSA) for pretrial supervision as directed by the assigned PSA officer; *twice weekly*

_____  G.  abide by a curfew remaining at (his) (her) residence between the hours of _____ P.M. and _____ A.M. of each day;

✓  H.  refrain from possessing a firearm or other dangerous weapon;

✓  I.  refrain from any use of narcotic drug or other controlled substance, as defined in 21 USC 802, without a lawful medical prescription;

_____  J.  submit to treatment as specified by the Pretrial Services Officer for ( ) drug or alcohol abuse, ( ) psychiatric or psychological counselling;

✓  K.  execute a personal appearance bond in the amount of $ *150,000* secured by:
( ✓ ) a cash deposit with the court of $ *10,000*, *cash dep.*
( ✓ ) a trust deed to the United States of real estate approved by the Magistrate and;
( ✓ ) other security: *co-signed by mother; mother-in-law, father-in-law & wife*

_____  L.  execute a bail bond by an approved solvent surety in the amount of $_____;

_____  M.  return to custody at the Metropolitan Correctional Center at the hour of _____ (A.M.) (P.M) on _____;

_____  N.  surrender passport to the Court;

✓  O.  other conditions: *Trust deed is to be that of the home of mother-in-law & father-in-law*

DATED:  *10-3-86*                    _____