KAREN P. HEWITT
United States Attorney
JOHN N. PARMLEY
Assistant U.S. Attorney
California State Bar No. 178885
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6198
E-mail: John.Parmley@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 86cr0824-BTM |
|---|---|---|
| Plaintiff, | ) ) ) | DATE: August 15, 2008<br>TIME:  3:00 p.m. |
| v. | ) ) ) ) | GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF SENTENCE: |
| SALVADOR ALONSO-ALDAMA, | ) ) | |
| Defendant. | ) ) ) | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| _____ | ) | |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and John N. Parmley, Assistant United States Attorney, hereby files its Response and Opposition to defendant Salvador Alonso-Aldama's above-referenced motion.  This response and opposition is based upon the files and records of this case.

//

//

//

//

# I

# **STATEMENT OF FACTS**[1]

More than 20 years ago, on September 22, 1986, Defendant was arrested for his role in a conspiracy to import 422 pounds of marijuana. He was originally represented by defense attorney Eugene Iredale. Defendant litigated a number of issues before hiring defense attorney Edmundo Espinoza-Bojorquez. Shortly thereafter, he was released on bond. Eventually, on February 27, 1987, Defendant entered a conditional guilty plea, reserving the right to appeal the District Court's denial of his motion to suppress his post-arrest statements. On May 11, 1987, he was sentenced to 60 months and remanded into custody. His motion for bail pending appeal was denied. However, on May 14, 1987, he was released on bail pending appeal. Approximately one year later, in an unpublished decision, the Ninth Circuit affirmed the District Court's pre-trial rulings. On May 19, 1988, the district court filed a certified copy of that order. The court set a hearing related to the Court of Appeals' decision for June 13, 1988. Defendant failed to appear and a bench warrant issued. No motion under FRCP 35 was filed at that time. For reasons which are unclear, the United States moved for a default of the bond, but subsequently moved to exonerate the bond.[2]

On March 31, 2008, Defendant came to the San Ysidro Port of Entry and requested a humanitarian parole into the United States. He claimed that his mother had died in Watsonville, California, and requested permission to attend her funeral. According to the inspector, he did not mention his previous conviction, any potential warrant or his unwanted deportation. A records check revealed the outstanding warrant and he was arrested. He did not act surprised when he was informed of the warrant. He asked no questions about it or why he was being arrested. During the booking process, he claimed that he lived in Tijuana, Mexico.

---

[1] The facts described are mostly derived from the docket report, pre-sentence report and a few other documentary fragments which still exist, all of which were attached to Defendant's motion. These documents contain the entirety of the file in the Clerk's office. The United States no longer has a file for this case.

[2] The docket references motions and memoranda related to this issue. However, neither the Clerk's Office nor the U.S. Attorney's Office have copies of these documents.

Defendant has a history with immigration. According to his pre-sentence report, he used a number of aliases and two Social Security numbers. In 1977, two deportation proceedings were instituted against him in San Francisco. The result of those proceedings is unknown. In 1980, he was convicted of illegal entry, likely as a plea bargain to alien smuggling charges.[3/] Additionally, the pre-sentence report suggests that he was a former legal permanent resident.

## II

## DEFENDANT'S MOTION

Defendant now moves, more than 20 years too late, for a reduction in his sentence pursuant to FRCP 35. Defendant recognizes that such motions are required to be made within 120 days of the date a conviction becomes final. In the present case, however, it has been more than 20 years since he absconded. To overcome this obvious deficiency, he claims that he was deported many years ago. He makes this claim through counsel, without a sworn declaration and without any details. The evidence suggests otherwise. As the attached declaration clarifies, Defendant was not deported. He jumped bail, lived as a fugitive in Mexico and now seeks an undeserved windfall. As the arguments below make clear, this court has no jurisdiction to hear this matter. However, even if the court has jurisdiction, defendant's sentence should remain untouched.

A.   DEFENDANT NEVER DEPORTED, SO CLAIM MERITLESS

Defendant's entire argument regarding Rule 35 rests on the assumption that Defendant was deported between the time of his sentencing and the official denial of his appeal. If this was not the case and Defendant voluntarily fled the jurisdiction, any lack of notice is attributable to Defendant and does not warrant any potential relief under Rule 35.

The 120-day time period provided in Rule 35 is "jurisdictional and may not be extended." United States v. Addonizio, 442 U.S. 178, 189 (1979). Defendant's motion, over 20 years after his conviction, clearly falls outside the 120-day filing window. Furthermore, Defendant's arguments regarding equitable tolling (addressed *infra*) do not apply if Defendant voluntarily fled the jurisdiction and

---

[3/]   In a case of foreshadowing, when the pre-sentence report was prepared in 1986, the details of the 1980 case were unavailable because of the "age of the case."

1 violated his bail. Cf. Molinaro v. New Jersey, 396 U.S. 365, 366 (1970) ("No persuasive reason exists
2 why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant
3 who has sought review escapes from the restraints placed upon him pursuant to the conviction. . . .
4 [S]uch an escape . . . disentitles the defendant to call upon the resources of the Court for determination
5 of his claims.").

6 Furthermore, the burden rests with Defendant to show that he was deported, thus short-circuiting
7 his chance to file for a sentencing reduction under Rule 35. Defendant claims that he was deported. He
8 provides no details or evidence to back up this unsworn assertion. Where did it happen? How was he
9 taken into immigration custody when he was out on bond on the criminal case? Did his lawyer know?
10 Did he tell anyone? Did he see an immigration Judge? How long was he in immigration custody? Was
11 he planning to file such a motion? Was his lawyer? Did they discuss it? What claims was he planning
12 to make under Rule 35? Did he make a good faith effort to file a claim? What specific steps did he take
13 to do so? Is there any evidence to support any of his assertions?

14 Contrary to his blanket assertion that he was deported, the evidence shows that Defendant fled
15 the jurisdiction. Indeed, as made clear in greater detail in the declaration of Deportations Officer
16 Gregory Harrison, attached as **Exhibit A**, immigration records do not show any record of Defendant's
17 deportation. Because Defendant was never deported, a necessary premise of his argument is missing.
18 Voluntarily fleeing the jurisdiction negates any claims based on notice, due process, equity, or the text
19 of Rule 35. Accordingly, this Court should reject Defendant's motion.

20     B.    DEFENDANT'S REQUEST IS UNTIMELY

21 The current version of Rule 35 does not apply to conduct occurring prior to November 1, 1987.
22 As Defendant's crimes occurred during and prior to 1986, the more generous pre-1988 Rule 35 applies.
23 Pub. L. 98-473, Title II, § 235, Oct. 12, 1984, 98 Stat. 2032, as amended. Accordingly, Defendant may
24 move for a reduction of sentence. The ability to make such a motion, however, does not mean that
25 Defendant ought to prevail on that motion. See, e.g., United States v. Friedland, 83 F.3d 1531, 1538 (3rd
26 Cir. 1996) ("It is clear that Friedland's motion under old Rule 35(b), applicable because Friedland
27 committed the offense before the sentencing guidelines became effective, was untimely. That rule

28     4    86cr0824BTM

1 required Friedland to make his motion within 120 days of sentencing. Friedland did move for reduction of sentence within that period but the district court denied the motion and Friedland did not appeal from that denial. Friedland's motion under old Rule 35(b), now before us, is literally years late . . . .").

Rule 35 has a limited purpose; "as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Hill v. United States, 368 U.S. 424, 430 (1962). This "narrow function" is enforced by placing a bar on any claim presented more than 120 days after sentencing. The 120 day limit, in both old and new versions of Rule 35, is jurisdictional. Addonizio, 442 U.S. at 189 ("The [120 day] time period, however, is jurisdictional and may not be extended."); United States v. United States District Court (Friedman), 509 F.2d 1352, 1354 (9th Cir. 1975) ("[T]he 120 day requirement in Rule 35 is a mandatory one. Thus, unless the 120 day requirement is met, the court has no jurisdiction or power to alter sentence.").

Defendant accurately notes that his otherwise untimely action may be excused and the jurisdictional bar waived if the delay was caused by exceptional circumstances beyond his control. Defendant does not meet that criterion. First, Defendant does not, and cannot, cite to any precedent indicating that self-removal from the country constitutes an exceptional circumstance. Indeed, Defendant does not even cite to any precedent indicating that deportation, if it in fact occurred, is exceptional. Instead, Defendant analogizes several distinguishable cases.

Defendant relies on an old First Circuit case, Dodge v. Bennet, 335 F.2d 657 (1st Cir. 1964), for the proposition that the negligence of prison officials in failing to file a pro se litigant's paperwork constitutes an exceptional circumstance. This case is not persuasive authority, for Defendant here was not and is not proceeding pro se and, furthermore, cannot point to any government negligence directed at him. He was represented by counsel who could have but did not file any motion. The case is therefore inapposite.

Defendant next cites to Calderon v. United States District Court for the Central District of California (Beller), 128 F.3d 1283 (9th Cir. 1997). This case is likewise inapplicable, as it construes defense counsel's misconduct under the Anti-Terrorism and Effective Death Penalty Act; a different

situation governed by a different statutory scheme designed to regulate a different form of motion (habeas corpus). Besides noting the unexceptional point that courts are willing to engage in equitable tolling of strict time limits, it does not discuss any facts or law remotely applicable to the case at hand. Further, defendant has not alleged that his defense counsel committed misconduct.

Defendant also cites several Ninth Circuit cases finding extraordinary circumstances. None are applicable here. <u>Roy v. Lampert</u>, 465 F.3d 964 (9th Cir. 2006), examined a deficient law library and its effects on <u>pro se</u> litigants. Defendant lacks neither an attorney nor access to legal materials. <u>Stillman v. lmarque</u>, 319 F.3d 1199 (9th Cir. 2003), like <u>Dodge</u>, concerns the negligence of prison officials. Defendant does not make any claim of government negligence, other than the blanket assertion that he was deported. Similar analysis applies to <u>Spitzyn v. Moore</u>, 345 F.3d 796 (9th Cir. 2003), as it relates to defense counsel misconduct and, like <u>Calderon</u>, discusses claims arising under habeas corpus petitions. Neither factor is present in Defendant's case.

This dearth of precedent cited by Defendant indicates that his situation does not constitute an exceptional circumstance warranting relief from Rule 35's jurisdictional bar. <u>Cf.</u> <u>United States v. Peltier</u>, 312 F.3d 938, 941 (8th Cir. 2002) (collecting cases bypassing Rule 35's "pretty plain prohibition against extending the 120-day filing period" and noting that each involves defendant's "good faith attempt[s]" to comply with the rule frustrated only by government action). In fact, the record shows that Defendant did not make any attempt, much less a good faith attempt to resolve the situation. It is telling that he did not mention his legal problems when he attempted entry. He simply hoped that the United States had forgotten about his criminal past and unserved sentence.

Furthermore, an examination of the text of Rule 35 indicates that Defendant's motion is untimely. The rule provides a 120-day clock that begins running upon the occurrence of certain events. The time begins when any of the following occur: (1) "the sentence is imposed or probation is revoked"; (2) the court receives "a mandate issued upon affirmance of the judgment or dismissal of the appeal"; "or" (3) the "entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation." Thus, the 120-day clock began in Defendant's case on the day his sentence was imposed. Defendant did not file a Rule 35 motion

1  during this time. The clock then re-set at the point the district court received a mandate affirming the
2  judgment on appeal. Again, Defendant did not file a Rule 35 motion with 120 days of this event. Indeed,
3  Defendant did not file a Rule 35 motion until over 20 years after his conviction was affirmed. No matter
4  which way the Rule is read, such a motion is untimely.

5       C.   ORIGINAL SENTENCE SHOULD BE AFFIRMED

6       As discussed above, this Court should not consider the merits of Defendant's motion because
7  it is procedurally barred. Were the Court to consider the merits, however, it should reaffirm the previous
8  sentence.

9       Again, Rule 35 does not exist for the Court "to re-examine errors occurring at the trial or other
10 proceedings prior to the imposition of sentence. " Hill, 368 U.S. at 430. In spite of this, Defendant
11 essentially asks this Court to show him leniency despite his extended and, according to the evidence,
12 self-imposed absence from the jurisdiction. Defendant has served no time for his criminal acts; his
13 personal circumstances now do not diminish his culpability for his crime nor reduce society's interest
14 in a just punishment.

15      Defendant requests a probationary sentence.  It appears that the sole justification for such a
16 dramatic reduction in sentence is the fact that defendant suffered an unfortunate accident which impacts
17 his health.  Setting aside the tautological arguments (if he hadn't jumped bail and instead served his
18 sentence, perhaps he wouldn't have been in the situation he found himself in), Defendant's physical
19 condition is not a justification for a probationary sentence.  This court has sentenced the very old and
20 the very young, the physically fit and the physically infirm.  There is nothing about this case which
21 would counsel a resentencing.  The sentence was fair and just at the time it was imposed.  It was not
22 excessive, nor was it especially lenient.  He will receive appropriate medical care while in custody,
23 arguably better than he received in Mexico.  While Defendant's personal circumstances are unfortunate,
24 they do not relieve him of his duty to serve out the originally imposed sentence and to repay his debt
25 to society.  Put another way, Defendant, if he were deported (which he wasn't), received a 20-year
26 windfall of freedom.  The prime of his life was spent living free in Mexico, avoiding the punishment
27 he had earned.

28

Moreover, a Rule 35 sentence reduction here would encourage future defendants to flee the jurisdiction upon a guilty verdict with the hope that even if they were caught at a later date, they, like Defendant, would receive mercy from the courts for changed life circumstances. Defendant has not served any time for his crime; it is now his obligation to do so.

What is really going on here? Defendant was convicted and sentenced. He was represented by counsel who negotiated the right to appeal one issue. He was permitted to remain out on bond during that appeal. After he lost, he made the decision to flee to Mexico and avoid his sentence. Years later, his life circumstances had changed and he had a compelling reason to risk entry into the United States. Perhaps he believed that he was forgotten. Once arrested, he resorted to deception to attempt to legally justify a resentencing. It reminds one of the old joke about the man who kills his parents and then asks for leniency because he is an orphan. Here is a man who jumps bail and lives free and clear in a foreign country for 20 years. Once caught, he begs for mercy because he is older now and his health has deteriorated.

## VI

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that defendant's motion be denied.

DATED: August 8, 2008.

                          Respectfully submitted,

                          KAREN P. HEWITT
                          United States Attorney

                          /s/ John N. Parmley

                          JOHN N. PARMLEY
                          Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 86cr0824-BTM |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| SALVADOR ALONSO-ALDAMA, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, John N. Parmley, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motion for Reconsideration of Sentence on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Sara Peloquin, Federal Defenders of San Diego, Inc.**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2008.

s/ John N. Parmley
JOHN N. PARMLEY